## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1290 | **DATE** | 8/27/2003 |
| **CASE TITLE** | Charles E. Anderson etc. et al. Vs. Norman Rice Painting, Inc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the above reasons, defendants' motion for transfer of venue is denied. Status hearing set for September 24, 2003 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 0 2 2003 | |
| | Notified counsel by telephone. | date docketed | 14 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| WAH | courtroom deputy's initials | 03 AUG 29 PM 4:06<br>U.S. DISTRICT COURT<br>CLERK<br>Date/time received in central Clerk's Office | date mailed notice<br>mailing deputy initials |



DOCKETED
SEP 0 2 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARLES E. ANDERSON, Trustee, et al., )
)
          Plaintiffs, )
)
vs. ) No. 03 C 1290
)
NORMAN RICE PAINTING, INC., an )
Illinois corporation, and NORMAN G. RICE, )
)
          Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs brought this enforcement action against defendants under the Employee Retirement Income Security Act (ERISA), seeking recovery of allegedly delinquent pension fund contributions and union dues. Defendants now move to transfer venue under 28 U.S.C. 1404(b). For the following reasons, defendants' motion is denied.

Defendants request that we transfer this case to the Western Division of the Northern District of Illinois. A district court may transfer any civil action to any other district or division where it might have been brought if venue is proper in both courts, transfer is for the convenience of the parties and witnesses, and is in the interest of justice. 28 U.S.C. § 1404(a); Brandon Apparel Group, Inc. v. Quitman Mfg. Co., Inc., 42 F.Supp. 2d 821, 833 (N.D.Ill. 1999). The final determination and the weight of each factor is within the sound discretion of the trial judge. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986).

The parties agree that venue is proper in both courts. We turn then to the convenience of each venue. We consider the plaintiffs' choice of forum, the site of material events, the relative ease of access to evidence, and the convenience of the witnesses and parties. Brandon

Apparel, 42 F.Supp.2d at 833. Here, defendants are seeking an inter-divisional transfer rather than an inter-district transfer. While the relative closeness of the courts minimizes the potential inconvenience of changing forums, weighing in favor of transfer, it also means that it would not be a great difference in travel to defend here rather than in the requested forum, weighing against it. But defendants assert that the distance between the court locations makes it significantly more convenient for them to appear in the Western Division since it is closer to their principal place of business and is the site of the events giving rise to the litigation. Indeed, these are both factors weighing in favor of transfer. *See* Cody b. DeKalb Sanitary District, 1999 U.S.Dist.Lexis 9211, *8 (N.D.Ill. 1999); Concrete Structures of the Midwest v. Treco Construction Services Inc., 1996 U.S.Dist.Lexis 1660 (N.D.Ill. 1996). We also note that the plaintiff fund is located well west of Chicago, which minimizes the travel difference for fund employees, although the auditors are, apparently, located in Chicago. But we must also consider that this is an ERISA enforcement action brought by a pension plan and as a result substantial deference is given to the plan's choice of venue. Central States v. Lewis & Michael, 992 F.Supp. 1046 (N.D.Ill. 1998). The claimed inconvenience to defendants does not overcome this strong preference afforded plaintiffs' choice.

Additionally, a transfer would not be in the public interest. Defendants argue that judicial economy will be served through a transfer since the Western Division has a smaller docket of cases than in our court. They are correct that the efficient functioning of the court system is a consideration in our determination. *See* Coleman Co., Inc. v. Black & Decker Corp., 1996 WL 41484 *6 (N.D.Ill. 1996). It is also in the public interest to litigate close to where the cause of action arose. But, as with the consideration of convenience, the

determination of justice is affected by the fact that this is a pension plan enforcement action. We must consider the cost to the beneficiaries of the plan who will ultimately bear the expense of this litigation. It was in the interest of supporting benefit plans and their participants that Congress permitted enforcement actions against employers to be brought in the court where the benefit plan is administered. <u>Central States v. Lewis & Michael, Inc.</u>, 992 F.Supp. 1046, 1049 (N.D.Ill. 1998) The importance of efficient collection of delinquent benefit plan contributions outweighs the other interests presented by defendants.

For the above reasons, defendants' motion for transfer of venue is denied.

*James B. Moran*
JAMES B. MORAN
Senior Judge, U. S. District Court

Aug. 27, 2003.